IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **Christopher Amsden,** *on behalf of himself and all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> **LZ Logistics, LLC,** <br><br> *Defendant.* | ) ) ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) |

## VERIFIED COMPLAINT FOR VIOLATIONS OF
## THE FAIR LABOR STANDARDS ACT & MISSOURI MINIMUM WAGE LAW

**COMES NOW** Plaintiff Christopher Amsden (hereinafter referred to as "Mr. Amsden" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against LZ Logistics, LLC (hereinafter referred to as "LZ Logistics" or "Defendant"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff Christopher Amsden brings this action against Defendant under federal and law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Missouri Minimum Wage Law ("MMWL") Mo. Rev. Stat. § 290.500 *et seq*.

2. Plaintiff brings this action, on behalf of himself and all others similarly situated, against Defendant for unpaid overtime compensation, and related penalties and damages

3. Defendant' payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

4. Defendant's payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq*

5. For said violations, Plaintiff seeks, on behalf of himself and all others similarly situated, declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Christopher Amsden is an adult resident of Nixa, Missouri.

7. Plaintiff and prospective members of the collective are individuals currently and formerly employed by Defendant who are or were paid a daily rate, who work or worked more than forty hours in a work week, and who are or were denied the statutorily required overtime premium for all hours worked over forty hours in a work week, based on Defendant' common practice, policy, or scheme of refusing to pay an overtime premium.

8. Defendant LZ Logistics, LLC is a limited liability company registered and operating in Missouri. LZ Logistics may be reached for service through its registered agent, Travis A. Elliott, 901 St. Louis Street, Suite 600, Springfield, Missouri 65806.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over Plaintiff's claims brought under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq*; Plaintiff's claims for violations of the MMWL are so related to his federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

11. Defendant LZ Logistics, LLC is a limited liability company formed in Missouri, and is currently registered to do business in, employing citizens of, and subject to service of process in Missouri; this Court, therefore,ra has personal jurisdiction over LZ Logistics, LLC.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt persons who were employed by Defendant for the period of three years prior to the commencement of this action to the present, who work or worked more than forty hours in a work week, and who are or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

14. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff, because his claims are similar to collective action members and putative collective action members.

15. Plaintiff, collective action members, and putative collective action members are similarly situated because they work or worked as employees for Defendant, they are or were paid on a daily basis, and they work or worked more than forty hours in a workweek.

16. Moreover, Plaintiff, collective action members, and putative collective action members are similarly situated because they are or were denied the statutorily required overtime premium for all hours worked over forty hours in a work week, based on Defendant's common practice, policy, or scheme of refusing to pay an overtime premium.

## FACTUAL BACKGROUND

17. Defendant LZ Logistics, LLC is a limited liability company based in Mountain Grove, Missouri.

18. Upon information and belief, Defendant has had annual gross revenues of at least $500,000 over the past three years. Upon information and belief, Defendant employs between 10 and 25 people to provide transportation and logistics services.

19. Defendant maintains an overtime policy under which they only pay employees a fixed daily rate regardless of the number of hours worked or the number of days worked in a work week.

20. On or about October 13, 2021, Defendant hired Plaintiff Christopher Amsden to work as a Driver Operator.

21. As Driver Operator based in Missouri, Mr. Amsden operates an excavator and/or hauls equipment, storm debris, and other materials from their point of origin to landfills or other disposal sites locally on out- of-state projects in Louisiana, Virginia, Florida, Kentucky and elsewhere.

22. Throughout most of his employment, Defendant has paid Mr. Amsden a daily rate of $500 regardless of the number of hours he worked or the number of days he worked in a given week. (During the first two weeks of his employment, Mr. Amsden's daily rate was $400.)

23. Throughout his employment, Defendant has failed to pay Mr. Amsden for his travel time, except in those cases when Mr. Amsden was travelling in the Defendant's own equipment, despite Defendant's promises to do so.

24. During his employment with LZ Logistics, Mr. Amsden has regularly worked 12-hour shifts, seven days a week, for an average of 84 hours worked per week.

25. Despite working substantial overtime, Defendant has only paid Mr. Amsden a fixed daily rate with no overtime premium for hours worked over 40 in a week.

26. During his employment, many of Mr. Amsden's co-workers have informed him that Defendant has not paid them an overtime premium for working more than forty hours in a workweek and more than eighty hours in a fourteen-day period.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

28. At all relevant times, Defendant was acting as an "employer" within the definition and coverage of the FLSA, 29 U.S.C. § 203.

29. At all relevant times, Defendant "employed" Plaintiff and all other similarly situated employees, within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

30. The FLSA requires each covered-employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

31. At all relevant times, Plaintiff and all similarly situated employees were non-exempt employees, subject to the FLSA, 29 U.S.C. § 213.

32. If an employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked; he is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek. 29 U.S.C. 778.112.

33. During the relevant period, Plaintiff and all similarly situated employees, regularly worked

more than forty hours in a workweek.

34. During the relevant period, Defendant willfully failed to pay Plaintiff and all similarly situated employees an overtime premium for their hours worked over 40 in a workweek.

35. As a result of Defendant's failure to compensate Plaintiff and all similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the FLSA, 29 U.S.C. §§ 207(a)(1), (j).

36. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

38. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

39. At all relevant times, Defendant was an employer, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

40. At all relevant times, Plaintiff and all other similarly situated employees were covered employees, pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3)

41. The MMWL requires employers, including Defendant, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

42. Defendant has willfully failed and refused to pay its employees, including Plaintiff, an overtime premium equivalent to one and one-half times their regular rate of pay whenever these employees work more than forty hours in a workweek.

43. As a result of Defendant's failure to compensate Plaintiff and all those similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Christopher Amsden, on behalf of himself and all others similarly situated to him, prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the MMWL;
2. Pre-judgment interest, as provided by law;
3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;
4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;
5. Designation of Christopher Amsden as Representative Plaintiff of the collective in this FLSA representative action;
6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,


s/*Matthew J. Ghio*
Matt J. Ghio, Bar Number: 44799 MO
THE CRONE LAW FIRM, PLC
 4818 Washington Boulevard, Suite 107
 St. Louis, MO 63108
 314.208.3856 (voice)
 mghio@cronelawfirmplc.com

*Attorney for Plaintiff*

## DECLARATION AND VERIFICATION

I, Christopher Amsden, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant but in sincerity and truth for the causes mentioned in the Complaint.

Christopher Amsden

01 / 19 / 2024
Date

9

Case 6:24-cv-03022-SRB   Document 1   Filed 01/23/24   Page 9 of 10

Doc ID: 0be71cb296babfb045397d85cbe81ece85280532



Audit trail

| | |
|---|---|
| Title | Christopher Amsden revised complaint |
| File name | Amsden - FLSA Complaint 01.19.2023.pdf |
| Document ID | 0be71cb296babfb045397d85cbe81ece85280532 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

Document History

| | | |
|---|---|---|
| SENT | 01 / 19 / 2024<br>16:20:33 UTC-6 | Sent for signature to Christopher Amsden (chris.amsden1@gmail.com) from jlc@cronelawfirmplc.com<br>IP: 173.166.195.225 |
| VIEWED | 01 / 19 / 2024<br>17:13:25 UTC-6 | Viewed by Christopher Amsden (chris.amsden1@gmail.com)<br>IP: 173.218.96.226 |
| SIGNED | 01 / 19 / 2024<br>21:46:44 UTC-6 | Signed by Christopher Amsden (chris.amsden1@gmail.com)<br>IP: 173.218.96.226 |
| COMPLETED | 01 / 19 / 2024<br>21:46:44 UTC-6 | The document has been completed. |

Powered by Dropbox Sign